UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN PAPPAS III, an individual, and DOES 1-10,<br><br>            Defendant. | No.  2:21-cv-00753-JAM-AC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This lawsuit is the result of a long-time working relationship that was ultimately spoiled by the alleged misappropriation of trade secrets.  John Pappas III ("Pappas") worked for R.R. Donnelley & Sons Company ("RRD"), an integrated communications company that provides business communications, commercial printing, and related services for more than 600,000 customers worldwide.  Compl. ¶¶ 5, 12, 8, ECF No. 1.  RRD alleges that, prior to Pappas' resignation, he reached out to clients to encourage them to move their work from RRD to his new employer and downloaded and deleted numerous confidential and proprietary RRD documents and trade secrets.

As a result, RRD filed suit against Pappas for: (1) breach of the duty of loyalty; (2) and (3) trade secret misappropriation

1

under California and Federal law; (4) breach of contract; and (5) computer crimes in violation of the California Penal Code. See generally, Compl.  Pappas now moves to dismiss RRD's first and fifth causes of action for breach of the duty of loyalty and computer crimes, arguing both are preempted by the California Uniform Trade Secrets Act ("CUTSA").  See Mot. to Dismiss ("Mot."), ECF No. 16.  RRD opposes the motion.  See Opp'n, ECF No. 19.  Pappas filed a reply.  See Reply, ECF No. 22.

For the reasons set forth below, the Court DENIES Pappas' motion to dismiss.[1]

I. BACKGROUND

Pappas was in his eleventh year working for Consolidated Graphics, Inc. when it was acquired by RRD in January of 2014. Compl. ¶¶ 7, 8, 30.  Upon acquisition, Pappas became an employee of RRD.  Compl. ¶ 8.  Pappas worked for RRD as a salesperson until he resigned on January 13, 2021.  Compl. ¶¶ 8, 13.  Id. RRD requires every employee to sign a confidentiality agreement as part of their onboarding process.  Compl. ¶ 21.  Pappas signed this confidentiality agreement.  Id.  In it, Pappas agreed not to disclose "any proprietary or confidential information, knowledge of any invention, or any other data relating to [RRD's] business, products[,] or operations," either during, or subsequent to, his employment with RRD.  Id.  Pappas also agreed that, one week after termination of employment with RRD, he would return all

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 6, 2021.

hard and digital copies of documents and data relating to RRD's operations that were still in his possession. Id.

RRD's electronic information and systems use policy also informs employees that they may not "[c]opy, transmit, or use any copyrighted material, trade secret, confidential, or proprietary information belonging to RRD or its clients [], unless doing so as part of an authorized business purpose." Compl. ¶ 24. Employees are similarly told not to store RRD email or proprietary content or conduct any RRD business using a personal email or over any other service not under an approved contract with RRD. Id. RRD's policy on confidential information, customer information, and taking of customer property prohibits employees from using information that is confidential or proprietary to RRD, a customer, or vendor for a non-work-related reason or for personal gain. Compl. ¶ 25.

Pappas was required to, and agreed to, abide by the above provisions, among others, as a condition of his employment with RRD. Compl. ¶ 29. However, RRD alleges that, on December 11, 2020, Pappas accessed RRD's Google Drive account and "selectively downloaded 784 documents to his personal computer." Compl. ¶ 32. These files contained confidential and proprietary information and trade secrets. Id. That same day, Pappas also deleted 916 filed from RRD's Google Drive account. Compl. ¶ 33. In addition, RRD alleges that Pappas worked to divert customers and business opportunities away from RRD months prior to his resignation by contacting customers in an effort to convince them to bring their business over to his soon-to-be employer, Dome Printing. Compl. ¶¶ 35-42.

RRD contends that Pappas' actions breached his duty of loyalty and his confidentiality agreement and constituted trade secret misappropriation under the CUTSA, Cal. Civ. Code § 3426 et seq., and the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. Compl. ¶ 43. RRD further alleges that Pappas' unauthorized downloading and deletion of RRD's data constitutes a crime under California Penal Code § 502(c). Id.

## II.   OPINION

### A.   Legal Standard

To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This plausibility standard requires "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At this stage, the court "must accept as true all of the allegations contained in a complaint." Id. But it need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Moreover, dismissal under Rule 12(b)(6) may be based on the absence of a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

### B.   CUTSA Preemption

The CUTSA prohibits and provides remedies for the misappropriation of trade secrets. Henry Schein, Inc. v. Cook,

2017 WL 783617, at *2 (N.D. Cal. 2017) (citing Cal. Civ. Code §§ 3426-3426.11).  It preempts a common law claim when it is "based on the same nucleus of facts" as a misappropriation of trade secrets claim.  Digital Envoy, Inc. v. Google, Inc., 370 F.Supp.2d 1025, 1033-35 (N.D. Cal. 2005); K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc., 171 Cal.App.4th 939, 955 (2009).  Three types of cases are not preempted by the CUTSA: (1) breach of contract; (2) criminal remedies; and (3) any claim not based on the misappropriation of trade secrets.  Cook, 2017 WL 783617, at *2 (citing Cal. Civ. Code §§ 3426.7(a)-(b)).

The preemption inquiry is a factual one, focusing on "whether other claims are no more than a restatement of the same operative facts supporting trade secret misappropriation."  Id. (internal quotation marks and citations omitted).  Put another way: The CUTSA preempts a common law claim when, after the facts relating to trade secrets are removed, there are insufficient facts for the claim to survive.  Id. (citing Axis Imex, Inc. v. Sunset Bay Rattan, Inc., 2009 WL 55178, at *5 (N.D. Cal. 2009).  A determination of trade secret preemption under the CUTSA is appropriate at this stage of litigation.  C&H Travel & Tours, Inc. v. Chow, 2018 WL 6427369, at *1 (C.D. Cal. 2018).

    1.    Claim I: Duty of Loyalty

Pappas argues that the Court should dismiss the common law claim of a breach of the duty of loyalty against him because it arises out of the same facts as the CUTSA claim.  Mot. at 6-8.  RRD disputes this, arguing that "claims alleging that an employee transferred his loyalties to a competitor before

5

1 resigning are not preempted by [the] CUTSA because such a
2 transfer [] is independently wrongful" and separate from the
3 allegation that confidential information was taken.  Opp'n at 4.
4     For there to be a breach of the duty of loyalty, there must
5 be: (1) the existence or a relationship that gives rise to the
6 duty; (2) a breach of that duty; and (3) damages.  Hong Que,
7 Inc. v. Luu, 150 Cal.App.4th 400, 410 (2007).  RRD claims that
8 Pappas, as an employee, owed RRD a duty of loyalty and breached
9 that duty by "divert[ing] business away from RRD"—and over to
10 Dome Printing—while still an RRD employee.  Compl. ¶¶ 46, 50.
11 RRD also alleges that Pappas "diverted future [business]
12 opportunities away from RRD and failed to disclose those
13 opportunities to RRD."  Id.  As a result, RRD contends it is
14 entitled to damages.  Compl. ¶¶ 52, 53.
15     These allegations do not merely restate the same facts as
16 the CUTSA claim.  For instance, Pappas "did not necessarily rely
17 on [RRD's] trade secrets when [he] solicited customers to move
18 their business to [Dome Printing]."  Cook, 2017 WL 783617, at *3
19 (a dental supply company's claim for breach of the duty of
20 loyalty against a former salesperson was not preempted by the
21 CUTSA where the salesperson did not necessarily rely on the
22 company's trade secrets to solicit customers).  These
23 allegations are separate and apart from those dealing with trade
24 secrets and confidential information.  Standing alone, they are
25 sufficient to state a claim for breach of the duty of loyalty
26 that is not preempted by the CUTSA.
27     Accordingly, the Court declines to dismiss RRD's first
28 cause of action for breach of the duty of loyalty against

Pappas.

    2.   <u>Claim V: Computer Crimes</u>

Pappas argues that the Court should dismiss the claim of computer crimes pursuant to California Penal Code § 502(c) because it also arises from the same nucleus of facts as the CUTSA claim and is, therefore, preempted. Mot. at 8–11. RRD argues that preemption does not apply to a statutory claim brought under § 502(c). Opp'n at 6–8. The California district courts are divided on the issue and a binding authority has not offered clarification. As such, the Court errs on the side of caution and does not find that the claim is preempted.

Section 502(c) imposes liability on any person who "knowingly access and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network . . . ." Cal. Penal Code § 502(c)(2). RRD alleges that Pappas violated § 502(c) by "accessing, downloading[,] and then deleting information from RRD's secured systems and accounts, including its Google Drive account." Compl. ¶ 83. RRD contends that, in doing so, "Pappas was acting solely for his personal benefit and/or the benefit of his new employer, a competitor of RRD." Compl. ¶ 87. RRD goes on to allege that this claim "is not predicated on the misappropriation or theft or any confidential, proprietary[,] and/or trade secret information belonging to RRD." Compl. ¶ 88.

In order to prove the CUTSA claim, RRD "will need to show that Pappas accessed the trade secret information through its computer system before leaving Plaintiff for a competitor." <u>Chow</u>, 2018 WL 6427369, at *2. To prove its § 502(c) claim, RRD

7

1 will need to show that Pappas "accessed [RRD's] computer systems
2 in an unauthorized manner." Id.  Moreover, RRD cannot plausibly
3 allege the "use" element of § 502(c) without relying on facts
4 from its CUTSA claim.  See, e.g., Compl. ¶ 62 ("Pappas has and
5 will continue to misappropriate, disclose, and use for his
6 benefit and the benefit of his new employer, and to RRD'[s]
7 detriment, RRD'[s] trade secret information unless he is
8 enjoined from doing so.") (emphasis added).

9 However, it is not clear that the CUTSA claim can preempt a
10 statutory claim arising under the California penal code.  The
11 courts in Chow and Cook both dismissed the plaintiffs' § 502(c)
12 claims as preempted by the CUTSA because they were based on the
13 same nucleus of facts.  See Chow, 2018 WL 6427369, at *2; Cook,
14 2017 WL 783617, at *5.  By contrast, several other courts have
15 found that the CUTSA may preempt common law and unfair
16 competition claims but cannot preempt a § 502(c) claim.  See JEB
17 Group, Inc. v. San Jose III, 2020 WL 2790012, at *4 (C.D. Cal.
18 2020); Heieck v. Fed. Signal Corp., 2019 WL 6873869, at *4-5
19 (C.D. Cal. 2019); Synopsys, Inc. v. Ubiquiti Networks, Inc., 313
20 F.Supp.3d 1056, 1074-74 (N.D. Cal. 2018); Regents of the Univ.
21 of Cal. v. Aisen, 2016 WL 4097072, at *8 (S.D. Cal. 2016) ("[I]t
22 is illogical to think that the California legislature enacted a
23 computer crime provision and deliberately included a civil
24 remedy that would in turn be preempted by other legislation
25 authorizing civil protection for trade secrets.").

26 In Heieck, the court pointed to the provision of the CUTSA
27 that states, in pertinent part: "This title does not
28 affect . . . criminal remedies, whether or not based upon

misappropriation of a trade secret." 2019 WL 6873869, at *4. It reasoned that, because § 502(c) is a criminal statute that contains criminal remedies, the third exception to preemption enumerated in the CUTSA applied. Id. In Synopsys, the court declined to find preemption of a § 502(c) claim by the CUTSA because no California case law "explicitly address[es] whether [the] CUTSA would preempt a statutory claim" as opposed to a common law claim. 313 F.Supp.3d at 1074. Thus, "[a]bsent additional authority or persuasive argument, [the Court] will not find the [§ 502(c)] claim preempted even if based in part on the misappropriation and subsequent use of [RRD's] information." Id. at 1075.

Accordingly, the Court declines to dismiss RRD's fifth cause of action for computer crimes against Pappas.

### III. ORDER

For the reasons set forth above, the Court DENIES Pappas' Motion to Dismiss.

IT IS SO ORDERED.

Dated: August 9, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

9