UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. R. Donnelley & Sons Company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>John Pappas, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-00753-KJM-AC<br><br>ORDER |

This matter is before the court on the request of defendants John Pappas III ("Pappas") and Meriliz, Inc., dba Dome Printing ("Dome") to seal portions of Pappas' Opposition to Plaintiff R. R. Donnelley's Motion for Contempt. *See* Defs.' Req. Seal, ECF No. 58. Defendants seek to comply with the parties' Stipulated Protective Order in this trade secrets case. *Id.* at 2. Plaintiffs also request to seal the same portions of the same documents. *See* Pls.' Req. Seal, ECF No. 61. For the reasons below, the court **grants** the request.

I.　　DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnote omitted). Although that right is not absolute, " 'a strong presumption in favor of access' is the starting point." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

1

1  (9th Cir. 2003)).  This presumption "is 'based on the need for federal courts, although
2  independent—indeed, particularly because they are independent—to have a measure of
3  accountability and for the public to have confidence in the administration of justice.' " *Ctr. for*
4  *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v.*
5  *Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

6  Access in civil cases is properly denied for clearly justifiable reasons: to protect against
7  "gratif[ication of] private spite or promot[ion of] public scandal" or to preclude court dockets
8  from becoming "reservoirs of libelous statements" or "sources of business information that might
9  harm a litigant's competitive standing." *Nixon*, 435 U.S. at 597 (citations omitted).  "Those who
10 seek to maintain the secrecy of documents attached to dispositive motions must meet the high
11 threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1178
12 (citing *Foltz*, 331 F.3d at 1136).  The compelling-reasons standard applies even if contents of the
13 dispositive motion or its attachments have previously been filed under seal or are covered by a
14 generalized protective order, including a discovery phase protective order.  *See Foltz*, 331 F.3d at
15 1136.

16 Here, the parties request to seal customer identity information.  While the terms of their
17 discovery protective order are not sufficient grounds for sealing, "[a] customer list is one of the
18 types of information which can qualify as a trade secret." *Abba Rubber Co. v. Seaquist,*
19 235 Cal.App.3d 1, 18 (1991).  "This information has potential or actual value from not being
20 generally known to the public: information about customers' preferences can aid in 'securing and
21 retaining their business.'" *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 873 F. Supp. 2d
22 1192, 1214 (N.D. Cal. 2012) (quoting *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 972
23 (C.D.Cal.2011); *see also Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-02864,
24 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016) ("The customer information qualifies as trade
25 secrets . . .").  Accordingly, the court finds the parties have met the "compelling reasons"
26 standard.  As recounted above, "the right to inspect and copy judicial records is not absolute," and
27 access in civil cases may be properly denied for clearly justifiable reasons, including the need to
28 protect against revealing "sources of business information that might harm a litigant's

competitive standing." *Nixon*, 435 U.S. at 598.  Furthermore, the court notes "the redactions are narrowly tailored to seal just this information." *Johnstech Int'l Corp.*, 2016 WL 4091388, at *2. The court previously granted plaintiff's request to seal similar information in its original and amended complaints.  *See* Order, ECF NO. 7.

## II.   CONCLUSION

For the above reasons, the parties' requests are GRANTED and the following portions of defendants' Opposition to Plaintiff's Motion for Contempt shall be sealed:

- Opposition to Motion for Contempt: pg. 6, lines 23-24; pg. 8, line 8; pg. 13, lines 15-17;
- Declaration of Dylan W. Wiseman: pg. 3, line 3; pg. 4, lines 6-8; entire Exhibit A; entire Exhibit B; and
- Declaration of John Pappas III: pg. 2, lines 22-23; pg. 4, line 21.

Either party or the public may move to unseal these portions upon a requisite showing. This order resolves ECFs 58 and 60.

IT IS SO ORDERED.

DATED:  June 3, 2022

_____
CHIEF UNITED STATES DISTRICT JUDGE