UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. R. Donnelley & Sons Company,<br><br>    Plaintiff,<br><br>    v.<br><br>John Pappas III, et al.,<br><br>    Defendants,<br><br>And Related Counterclaims | No. 2:21-cv-00753-KJM-AC<br><br>ORDER |

    Plaintiff R. R. Donnelley alleges its former employee, defendant John Pappas III, took confidential pricing information, contact lists, customer data, and other materials with him when he left the company in early 2021. *See generally* First Am. Compl., ECF No. 31. After R. R. Donnelley filed this action, Pappas agreed to a stipulated preliminary injunction that among other things bars him from "deleting or manipulating any Confidential Information or other data" and requires him to make his cloud-based storage accounts available to a third party investigator. *See* Stip. Prelim. Inj. at 2, ECF No. 12. R. R. Donnelley argues Pappas violated the injunction and moves to hold Pappas in contempt. It claims he has deleted several documents and has withheld access to his Dropbox account. *See generally* Mot. Contempt., ECF No. 47. A hearing on the

contempt motion is currently scheduled for this Friday, July 29, 2022. *See* Min. Order, ECF No. 57. It is fully briefed. *See generally* Opp'n, ECF No. 59; Reply, ECF No. 63.

Pappas now moves to continue the hearing. *See generally* Mot. Cont., ECF No. 68. He argues first that he needs more time to obtain and review discovery materials that might shed light on whether the files he deleted were the only available copies. *See id.* at 2–4. Second, he argues he needs time to review testimony provided during the June deposition of R. R. Donnelley's forensic expert and the July 26 deposition of a neutral forensic expert. *See id.* at 4. R. R. Donnelley opposes the motion. It points out that the hearing has already been delayed. *See generally* Opp'n Cont., ECF No. 69; Stip. & Order, ECF No. 57; Min. Order, ECF No. 54. It also argues the discovery Pappas seeks has already been produced and is irrelevant. *See* Opp'n at 4–7.

Pappas did not request more time to seek documents and testimony when he opposed the pending contempt motion. This omission undermines his claim that any additional information is necessary. His arguments about this additional evidence are also unpersuasive. He does not explain why it is necessary to know whether the documents he deleted were the only available copies. The protective order currently in place does not draw distinctions between documents with and without duplicates. Stip. Prelim. Inj. at 2. Nor does Pappas explain why the deposition testimony he seeks is so relevant that the court should again delay the hearing. **The motion to continue (ECF No. 68) is denied**.

After reviewing the contempt motion and supporting briefs, the court finds oral arguments are unnecessary. **The contempt motion (ECF No. 47) is thus submitted on the briefs**; oral arguments will be reset at a later date only if necessary. *See* E.D. Cal. L.R. 230(g).

IT IS SO ORDERED.

DATED: July 26, 2022.

CHIEF UNITED STATES DISTRICT JUDGE