UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R. DONNELLY & SONS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PAPPAS, III, et al.<br><br>Defendants.<br><br>MERILIZ INC.,<br><br>Counter-claimants,<br><br>v.<br><br>R.R. DONNELLY & SONS COMPANY,<br><br>Counter-defendant. | No. 2:21-cv-00753-DAD-AC<br><br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF'S REQUEST TO SEAL PORTIONS OF THE SECOND AMENDED COMPLAINT<br><br>(Doc. Nos. 71, 72) |

This matter is before the court on plaintiff's unopposed motion for leave to file a second amended complaint and plaintiff's unopposed request to seal the portions of its second amended complaint that contain confidential, trade secrets—namely, identification of its customers and their needs/preferences. (Doc. Nos. 71, 72.) The undersigned notes that the previously assigned district judges granted plaintiff's prior requests to seal essentially the same portions of its original and first amended complaint, as well as the portions of its motion for contempt and defendants'

opposition to that motion, which included the same customer identification information. (*See* Doc. Nos. 7, 34, 50, 62.) The undersigned adopts the analysis in those previous orders because, here too, the proposed redactions are narrowly tailored to prevent public disclosure of plaintiff's customer identity information. (*See* Doc. No. 62 at 2–3) (citing *Abba Rubber Co. v. Seaquist*, 235 Cal. App. 3d 1, 18 (1991) ("A customer list is one of the types of information which can qualify as a trade secret.")). Accordingly, the court will similarly grant plaintiff's request to seal.

Next, plaintiff seeks leave from the court to file its second amended complaint. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Here, by filing a statement of non-opposition to plaintiff's motion for leave to file a second amended complaint, defendants have effectively provided plaintiff with their written consent. (Doc. No. 73.) In addition, by not opposing plaintiff's motion, defendants essentially concede that they are not prejudiced by the court granting plaintiff leave to further amend its complaint. Therefore, the court will grant plaintiff's motion for leave to file a second amended complaint.

2

The parties also request that the court modify the scheduling order in this case because the pleadings are not closed, and there is no pretrial conference or trial date set. (Doc. Nos. 71-1 at 9; 73 at 2.)[1] The court finds that the parties have shown good cause to modify the scheduling order not only because plaintiff will file its second amended complaint adding a new defendant PM Packing ("PMP"), but also because plaintiff's motion to strike and dismiss defendants' counterclaim (Doc. No. 38, filed November 24, 2021) remains pending before the court.

Accordingly, the court will modify the scheduling order to re-open discovery for a period of three months, and that discovery shall be limited in scope to the issue of defendant PMP's liability. The re-opened period of discovery shall close on **January 23, 2023**. Discovery remains closed as to defendants John Pappas III ("Pappas") and Meriliz, Inc., dba Dome Printing ("Dome"). The court will also set a new deadline for any party to file dispositive motions. Any such dispositive motions shall be filed no later than **March 6, 2023** and shall be noticed for hearing on a date consistent with District Judge Dale A. Drozd's Standing Order (Doc. No. 75) and on a date no more than 60 days after the filing of the motion.

For the reasons explained above:

1. Plaintiff's unopposed motion for leave to file a second amended complaint (Doc. No. 71) is granted;
2. Plaintiff's unopposed request to redact and seal (Doc. No. 72) is granted;
   a. **Within seven (7) days** from the date of entry of this order, plaintiff shall file the redacted version of its second amended complaint on the docket;
   b. **Within seven (7) days** from the date of entry of this order, plaintiff shall also send the unredacted version of the second amended complaint via email to and file an unredacted version under seal to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket; and

---

[1] Although defendants purport to impose several conditions regarding the extent of discovery and the filing of dispositive motions (Doc. No. 73 at 2), the court does not find it necessary or appropriate to impose any limitations other than those set forth in this order.

3. The scheduling order in this case is now modified as follows:

    a. Discovery is re-opened, limited to the issue of PMP's liability, and shall be completed no later than **January 23, 2023**; and

    b. All dispositive motions shall be filed no later than **March 6, 2023** and shall be noticed for hearing on a date consistent with District Judge Dale A. Drozd's Standing Order (Doc. No. 75) and on a date no more than 60 days after the filing of the motion.

IT IS SO ORDERED.

Dated: **October 21, 2022**

_____
UNITED STATES DISTRICT JUDGE