1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   R. R. DONNELLEY & SONS                    No.  2:21-cv-00753 DJC AC
     COMPANY, a Delaware corporation,
12
                    Plaintiffs,
13                                              ORDER
            v.
14
     JOHN PAPPAS III, an individual,
15   MERILIZ,INC., dba DOME PRINTING,
     PM CORPORATE GROUP, INC. dba PM
16   PACKAGING, DOME PRINTING AND
     PACKAGING, LLC and DOES 1-10,
17
                    Defendants.
18

19

20          This matter is before the court on multiple discovery motions.  Plaintiff brings four

21   motions to compel against defendants Dome Printing (ECF Nos. 128, 129) and PM Corporate

22   Group (ECF Nos. 130, 131).  Joint statements to each of these motions were filed as attachments

23   to ECF No. 137.  Defendant Dome Printing brings two motions to compel against plaintiff.  ECF

24   Nos. 144, 145.  A consolidated joint statement for these motions is filed at ECF No. 148.  All

25   motions were taken under submission.  For the reasons stated below, the court DENIES  each

26   motion.

27   ////

28   ////

                                                   1

1

## I.      Relevant Background

2          This action was filed on April 26, 2021, and the operative Third Amended Complaint was

3   filed under seal on April 17, 2023.  ECF No. 104.  In the Third Amended Complaint, plaintiff

4   R.R. Donnelley & Sons Company ("RRD"), a global integrated communications provider, asserts

5   that it filed this case "to prevent John Pappas III, a former senior, long-tenured, and highly

6   compensated RRD employee, and his new employer, Meriliz Inc., dba Dome Printing ("Dome")

7   (which was recently acquired by PM Corporate Group, Inc., through its wholly-owned subsidiary

8   Defendant Dome Printing and Packaging LLC) from using multiple proprietary and confidential

9   documents that Pappas was entrusted to hold in confidence and use for the benefit of only RRD.

10  RRD also seeks to prevent Pappas and Dome from reaping the benefits of Pappas' multiple

11  breaches of the duty of loyalty that he owed to RRD as one of its employees."  ECF No. 79 at 3.

12  Plaintiff alleges that Pappas solicited clients to move from RRD to Dome and provided Dome

13  with RRD's confidential and proprietary documents.  Id.  Plaintiff alleges Dome, which is a direct

14  competitor to plaintiff, was aware of and involved in Pappas' misconduct, and awareness

15  extended to Dome's then-president Misha Pavlov.  Id. at 3.

16         This ongoing case has been before multiple judges and has a complex procedural history.

17  In January 2021, Pappas terminated his employment at RRD to pursue a job opportunity at

18  Meriliz, Inc dba Dome Printing ("Meriliz").  On April 1, 2022, Meriliz entered into an Asset

19  Purchase Agreement ("APA") with Dome Printing & Packaging LLC ("DPP").  ECF No. 137-1

20  at 4.  DPP is a wholly owned subsidiary of PM Corporate Group, dba PM Packaging ("PMC").

21  Id.  On April 6, 2022, plaintiff filed a motion for contempt asserting Pappas intentionally

22  spoliated evidence.  ECF No. 47.  The motion for contempt was set to be heard by District Judge

23  John A. Mendez.  Id.

24         Subsequently, plaintiff moved for leave to amend the complaint to add PMP as a

25  defendant, asserting it was the purchaser of Dome.  ECF No. 71.  Defendants Merlitz/Dome filed

26  a statement of non-opposition to the motion to amend.  ECF No. 73.  On July 1, 2022, discovery

27  ////

28  ////

2

closed as to defendants Meriliz and Pappas.  ECF No. 27 at 5.[1]  On October 24, 2022, the court

granted a motion from plaintiff  to file an amended complaint naming PMP as a defendant-open

discovery, but only on the issue of PMP's liability.  ECF No. 78.  On April 29, 2023, a minute

order was issued transferring this case to Chief District Judge Kimberly J. Mueller in light of

Judge Mendez taking senior status, and the motion for contempt was submitted on the papers

before Judge Mueller.  ECF Nos. 53, 70.  On August 29, 2022, a minute order issued reassigning

this case to District Judge Dale A. Drozd.  ECF No. 74.  On October 10, 2022, Judge Drozd

issued a minute order vacating all pending hearings on civil motions.  ECF No. 77.  On October

24, 2022, Judge Drozd issued an order allowing plaintiff to file the operative Second Amended

Complaint, and not substantively addressing the motion for contempt.  ECF No. 78.

On March 7, 2023, the parties filed a stipulation to dismiss PMP and add as defendant PM

Corporate Group ("PMC") because PMP was a defunct entity and PMP was the correct

defendant.  This case was again re-assigned, to District Judge Daniel J. Calabretta, on April 6,

2023.  ECF No. 104.  On April 13, 2023, Judge Calabretta granted the stipulation to dismiss PMP

and add PMC.  ECF No. 105.  Plaintiffs filed the operative Third Amended Complaint under seal

at ECF No. 106.  Judge Calabretta ordered the parties to file a status report, and a status report

was filed on April 26, 2023.  ECF No. 107.  In that report, plaintiff noted that the motion for

contempt remained pending.  ECF No. 107 at 3.  On October 16, 2023, Judge Calabretta issued a

revised scheduling order closing fact discovery on January 12, 2024.  ECF No. 127.  This order

states this discovery extension is limited in scope and shall address only "whether and to what

exten[t] Dome Printing and Packaging, LLC and/or PM Corporate Group, Inc., may be liable for

Plaintiff's causes of action."

Through all these procedural twists and turns, discovery was progressing between the

plaintiff and the various defendants.  Many motions to compel discovery were noticed and then

withdrawn.  ECF Nos. 39 and 41; 64 and 67; 119 and 123; 120 and 124.  Against that

background, five motions for discovery are now before the undersigned.

---

[1]  Discovery remains closed as to these defendants.

1

## II.    Motion to Compel

2

### A.  Standard on Motion to Compel

3

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure

4

26(b)(1).  The current Rule states:

5
6
7
8
9
10

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

11

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or

12

less probable than it would be without the evidence; and (b) the fact is of consequence in

13

determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has

14

been construed broadly to encompass any matter that bears on, or that reasonably could lead to

15

other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc.

16

v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in

17

2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26,

18

relevance alone will not justify discovery; discovery must also be proportional to the needs of the

19

case.

20

A party seeking to compel discovery has the initial burden to establish that its request is

21

proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden

22

of showing why discovery was denied; they must clarify and support their objections.

23

Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  General or boilerplate objections,

24

without explanation, are not prohibited but are insufficient as a sole basis for an objection or

25

privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142,

26

1149 (9th Cir.2005).

27

////

28

4

B.  <u>Motion to Compel DPP's Responses to Special Interrogatories (ECF No. 128)</u>

Plaintiff moves to compel supplemental responses to two special interrogatories, which read as follows: Interrogatory 12: "Identify ALL entities that appear in the customer list labeled DOME0000585 that YOU contend were pre-existing in YOUR systems at the time PAPPAS uploaded the list to what were then DOME PRINTING's systems."  Interrogatory 13: "Identify the amount of business YOU did since January 1, 2018, with each of the entities YOU identified in response to Interrogatory No. 13."  ECF No. 137-1 at 11-19.  The court and parties presume that Interrogatory No. 13 intended to reference, in its body, Interrogatory 12 rather than itself.  <u>Id.</u> at 19.  DPP initially objected on several grounds and responded that it could not answer because DOME00000585 does not contain a customer list.  <u>Id.</u> at 12.  It subsequently amended its response to note that in meet and confer efforts plaintiff stated the interrogatory was intended to reference DOME00000588, and to avoid a discovery dispute, DPP agreed to amend its response to address that document instead.  <u>Id.</u> at 13.

In DPP's amended response, it stated that while the document at issue contained 649 contacts, it "only addresses those contacts with which it did business during the applicable time frame" which it asserted began on April 1, 2022, the date DPP purchased the assets of Merlitz. ECF No. 137-1 at 13.  Plaintiff argues that DPPs "response identifying only 'contacts with which it did business during the applicable time frame' is insufficient.  For example, it does not include customers that DPP tried to do business with but was unsuccessful...  Even if that information has not been used to obtain business yet does not mean that it will not be used to DPP's benefit tomorrow.  RRD wants its information back and needs to know what information was preexisting on DPP's systems about these customers, if any, so that it can identify what needs to be remediated and deleted going forward.  This information is highly relevant and within the scope of discovery into Defendants' liability."  ECF No. 137-1 at 15.

Upon full review of the interrogatories and responses, the court finds that there is nothing to compel because the responses fully address the interrogatories as asked (and even beyond what was asked, by addressing the 588 document, which was not expressly referenced in the interrogatories).  DPP did identify all entities with which it did business in the list of 641 contacts

1    – this is what the interrogatory asks for.  Defendant then indicates that all of these entities were

2    previously known to Defendant, just as requested in the interrogatory.  The court finds there is

3    nothing more to compel and this motion is DENIED.

4        C.    Motion to Compel DPP's Responses to Requests for Production (ECF No. 129)

5        According to defense counsel's declaration, several of the disputes as to RFPs addressed

6    in this motion  have been mooted by a subsequent production.  Richard Decl. Ex. 23.  The

7    resolved disputes include those relating to RFPs 11, 13, 14, 15, 16, 20, and 40.  ECF No. 137 at 4-

8    21.  The motion is therefore DENIED as moot as to RFPs 11, 13, 14, 15, 16, 20, and 40.

9        Remaining requests for production at issue include RFPs 21-26, which are variations of

10    the same interrogatory with different redacted names.  These RFPs each request "ALL

11    DOCUMENTS, including but not limited to bids, proposals, or requests for proposals or invoices,

12    from January 1, 2022, to the present date, between YOU and [redacted] including ANY principal,

13    representative or agent thereof."  The parties' arguments with respect to each of these RFPs are

14    the same.  Defendant initially objected on the grounds of burden and relevancy, and argued that

15    that Merlitz was not purchased until April 2022 and therefore the request was not narrowly

16    tailored.  ECF No. 137 at 12.  Plaintiff counters that the "objection that only information from

17    before DPP purchased Meriliz is relevant is [meritless because] RRD was damaged by the use of

18    its information and needs to calculate those damages.  RRD contends that DPP is liable both as a

19    successor to Meriliz and directly based on its continuing misconduct."  ECF No. 137 at 13.

20        In its opposition to the motion to compel, DPP argues the RFP is egregiously overbroad

21    because it seeks "all documents" pertaining to a mutual customer without limitation.  ECF No.

22    137 at 14.  Defendant argues that Meriliz already responded to identical requests in February of

23    2022, and that plaintiff's argument that it needs to know whether any information is "still in use"

24    by DPP is disingenuous when it doesn't identify whether any probative information was

25    uncovered from Meriliz.  The court agrees with DPP.  At a minimum, having the responses from

26    Meriliz should have allowed plaintiff to narrow these requests.  As they stand, they are unduly

27    burdensome and disproportionate to the needs of the case.  The motion is therefore DENIED as to

28    RFPs 21, 22, 23, 24, 25 and 26.

6

Remaining are disputes as to RFPs No. 59 and 63.  RFP No. 59 requests  "Any and all DOCUMENTS demonstrating YOUR reports to members, partners, shareholders, or other similar documents prepared by YOU and relating to YOUR financial condition for the years 2019 to the present."  ECF No. 137 at 22.  Defendant raised various objections including relevance (arguing its financial condition is not related to any claim and defense), burden, and unreasonableness of time and scope.  Id. at 22-23.  Plaintiff argues in the joint statement that this request is "directly relevant to the claims and defenses asserted in this case and are directly in the spotlight of the limited discovery being conducted as they relate to DPP and PMC's liability and punitive damage," and provides the following example: "if DPP was not adequately capitalized by PMC, this weighs in favor of successor liability and shows that it would be unjust to treat PMC and DPP as separate entities."  ECF No. 137 at 23.[2]  Plaintiff asserts that discovery into DPP's financial records "go directly to RRD's alter ego allegations against both DPP and PMC, DPP and PMC's continuing liability, and to RRD's damages."  ECF No. 137 at 23.

DPP argues that because there is no alter-ego theory alleged in the complaint, this request is beyond the scope of permissible discovery.  Id. at 24.  Upon a review of the operative Third Amended Complaint, the court agrees that these requests are beyond the scope of claims asserted against DPP.  ECF No. 106 (sealed).  As to punitive damages, defendant is correct that"[a] request for non-current financial information is irrelevant to a punitive damages determination. Even where a claim for punitive damages has some factual support, discovery related to financial status should be limited to net worth and the production of an annual or period balance sheet under an appropriate protective order."  E.E.O.C. v. California Psychiatric Transitions, 258 F.R.D. 391, 394 (E.D. Cal. 2009).  The request is overbroad, unduly burdensome, and not relevant to claims or defenses.  The motion to compel is DENIED as to RFP 59.

The final RFP, No. 63, requests "Any and all DOCUMENTS demonstrating PAPPAS' compensation, including bonuses and commissions, from the beginning of his employment with YOU to the present."  ECF No. 137 at 25.  DPP objected to this RFP on grounds of overbreadth

---

[2]  DPP also argues it was not created until March of 2022, and so the request dating back to 2019 is necessarily overbroad.  ECF No. 137 at 24-25.

1  and relevance.  Id.  RDD argues that this RFP is appropriate because if "Pappas is receiving

2  compensation for his sales to the customers, he stole information about, that would show DPP's

3  approval of Pappas' actions and establish DPP's liability (as well as contempt of the injunction

4  currently in place)."  The court finds this justification inadequate.  As DPP points out, discovery

5  as to Pappas is closed, and the connection between this RFP and DPP's liability is tenuous at best.

6  Thus, the motion is DENEID as to RFP No. 63.

7      D.  Motion to Compel PMC's Responses to Special Interrogatories (ECF No. 130)

8      Plaintiff moves to compel amended responses to several interrogatories issued to PMC.

9  First, plaintiff seeks to compel an amended response to Interrogatory No. 1, which reads:

10  "Describe PAPPAS' employment relationship with PMP, including but not limited to

11  employment start date, job title, and job duties."  ECF No. 137-2 at 3.  Defendant PMC

12  responded: "PAPPAS is not employed by PM Corporate Group, Inc.  Defendant advises

13  Propounding Party to refer to the concurrently served responses of Dome Printing and Packaging,

14  LLC, the party best situated to provide a response to this request and purchaser of Meriliz Inc's

15  asset."  Id. at 4.  Plaintiff argues this response is unacceptable because PMC "states it does not

16  employ [Pappas], and defers to DPP (which claims that it employs Pappas), but that is not

17  sufficient, especially given that the evidence suggests that Pappas does have an employment

18  relationship with PMC."  ECF No. 137-2.  Plaintiff's argument is unpersuasive.  Disagreement

19  with an answer is not grounds to compel an amended answer.  PMC answered the question as

20  asked and the motion as to Interrogatory No. 1 is DENIED.

21      The remaining interrogatories at issue are related to those at issue in the motion to compel

22  amended interrogatory responses from DPP, addressed above.  They read as follows: No. 11:

23  "Identify ALL customers or businesses YOU contacted that appear on the customer list PAPPAS

24  uploaded to what were then DOME PRINTING's systems on or about January 7, 2021, labeled

25  DOME00000585, including when you contacted them."  No. 12: "Identify ALL entities that

26  appear in the customer list labeled DOME0000585 that YOU contend were pre-existing in YOUR

27  systems at the time PAPPAS uploaded the list to what were then DOME PRINTING's systems."

28  No. 13: "Identify the amount of business YOU did since January 1, 2018, with each of the entities

1    YOU identified in response to Interrogatory No. 13." ECF No. 137-2 at 12-19. As with the

2    dispute between plaintiff and DPP, PMC agreed during meet and confer "to amend to reference

3    DOME00000588 in each response where DOME00000585 was referenced." ECF No. 137-2 at

4    15.

5           PMC raises the unique consideration that although responding to these interrogatories

6    requires PMC  "to analyze the information contained on the document bates labeled

7    DOME00000588[,] Plaintiff has taken the position that PMC cannot review the information in

8    that document and has threatened a contempt motion against PMC for testimony demonstrating

9    its Rule 30(b)(6) deponent reviewed the document in preparation for deposition topics that cite to

10    it." Id. The court agrees with PMC that for this reason, the request to compel amended responses

11    should be denied; PMC cannot be required to provide information related to a document it is not

12    allowed to view. Further, the court reviewed PMC's responses, which the court finds fully

13    responsive. PMC explained it "was never in possession of any RRD information including the

14    information allegedly contained in DOME00000588. PM Corporate Group Inc. never operated or

15    controlled Meriliz's systems." Id. at 17. The responses are adequate and the motion to compel

16    amended responses is DENIED.

17           E.    Motion to Compel PMC's Responses to Requests for Production (ECF No. 131)

18           RRD served Requests for Production on PMC on April 20, 2023. PMC responded on

19    June 5, 2023, and following meet and confer discussions, served amended responses to some of

20    those requests on September 11, 2023. Plaintiff alleges PMC's "responses remain deficient as to

21    the following requests, which are relevant to the issue of unity and identity of interest of PMC

22    with respect to DPP." ECF No. 137-3 at 3.

23           Several of the RFPs at issue are related to PMC's finances. RFP No. 7 reads: "YOUR

24    financial statements, from June 1, 2021, to the present date, including documents sufficient to

25    show PMP's current assets, accounts receivable, amounts owing to ANY of PMP's creditors, and

26    PMP's income and profits." ECF No. 137-3 at 3. An additional RFP at issue, RFP No. 56, seeks

27    similar documents: "Any and all DOCUMENTS relating to YOUR balance sheets, profit and loss

28    statements, asset and liability statements, annual reports, financial statements, books of account,

1   and other similar documents reflecting YOUR financial condition from 2019 to the present." Id.

2   at 17.  Finally, RFP No. 59 reads "Any and all DOCUMENTS demonstrating YOUR reports to

3   members, partners, shareholders, or other similar documents prepared by YOU and relating to

4   YOUR financial condition for the years 2019 to the present." Id. at 22.

5          With respect to each of these RFPs, plaintiff makes the same arguments as in the motion

6   discussed above regarding alter ego theory and punitive damages.  Again here, the court agrees

7   with defendant that the requests are overbroad, irrelevant, and unduly burdensome.  Again, there

8   is no alter-ego theory alleged in the operative complaint, thus the requests are beyond the scope of

9   permissible discovery.  ECF No. 137-3 at 6.  As to punitive damages, defendant is correct that"[a]

10  request for non-current financial information is irrelevant to a punitive damages determination."

11  California Psychiatric Transitions, 258 F.R.D. at 394.  The motion to compel is DENIED as to

12  RFP Nos. 7, 56, and 59.

13         Two additional RFPs at issue seek financial information, but in the form of tax

14  documents.  RFP No. 57 reads "Any and all DOCUMENTS demonstrating YOUR corporate tax

15  returns filed by YOU for the years 2019 to the present" and RFP No. 58 reads "Any and all

16  DOCUMENTS demonstrating YOUR federal tax form 1040 Schedule Cs filed by YOU for the

17  years 2019 to the present." Id. at 18-21.  The court agrees with defendant that amended responses

18  to these requests should not be compelled for the reasons discussed above.  Further the court

19  notes that The Ninth Circuit recognizes "a public policy against unnecessary public disclosure [of

20  tax returns, which] arises from the need, if the tax laws are to function properly, to encourage

21  taxpayers to file complete and accurate returns." Premium Serv. Corp. v. Sperry & Hutchinson

22  Co., 511 F.2d 225, 229 (9th Cir.1975).  The motion to compel is DENIED as to RFP Nos. 57 and

23  58.

24         Plaintiff's RFP No. 52 reads "ALL DOCUMENTS reflecting YOUR knowledge of the

25  above-entitled action prior to YOUR acquisition of DOME PRINTING and/or its assets on or

26  about April I, 2022." ECF No. 137-3 at 8.  In PMP's amended response, it made a production

27  and stated "[a]dditional responsive documents are being withheld pursuant to attorney client

28  privilege documents identified above and will be identified in a privilege log.  Defendant has

1    produced all responsive non-privileged documents in its possession, custody, or control."  ECF

2    No. 137-3.  Having made this statement that all non-privileged responsive documents have been

3    produced, the court takes defendant at its word and finds there is nothing to compel.  The motion

4    is DENIED as to RFP No. 52.

5            Plaintiff's RFP No. 53 reads "ALL DOCUMENTS identified in YOUR responses to

6    RRD's Special Interrogatories, Set One, to YOU, served concurrently with these requests."  ECF

7    No. 137-3 at 15.  Again, PMP submitted an amended response that made a production and stated

8    that other "responsive documents are being withheld pursuant to attorney client privilege

9    documents identified above and will be identified in a privilege log.  Defendant has produced all

10   responsive non-privileged documents in its possession, custody, or control."  Id. at 16.  Having

11   made this statement that all non-privileged responsive documents have been produced, the court

12   takes defendant at its word and finds there is nothing to compel.  The motion is DENIED as to

13   RFP No. 53.

14           F.   Motion to Compel Production of Documents (ECF No. 144)

15           Defendant DPP filed a motion to compel documents from plaintiff and noticed the motion

16   for January 10, 2024.  ECF No. 145.  Defendant DPP argues that plaintiff "has refused to produce

17   responsive documents to request for production of documents.  Plaintiff has refused to produce

18   responsive documents despite stating that it would produce documents."  ECF No. 149 at 2.

19   Pursuant to the October 16, 2023 Scheduling Order, fact discovery is to be completed by January

20   12, 2023. ECF No. 127.  That order specifies, "The parties are advised that motions to compel

21   must be filed in advance of the discovery completion deadlines so that the Court may grant

22   effective relief within the allotted discovery time.  A party's failure to have a discovery dispute

23   heard sufficiently in advance of the discovery cutoff may result in denial of the motion as

24   untimely." Id. at p. 3, fn. 1.  Defendant acknowledges that plaintiff's responses were served as of

25   November 2023, and the parties were in meet and confer discussions during that time.  ECF No.

26   149 at 5.  Despite that, defendant noticed this motion for two days before the discovery cutoff,

27   which makes the motion untimely.  Because the motion is untimely, it is DENIED.

28   ////

1

**III.   Conclusion**

2          Plaintiff's motion to compel Dome's amended response to requests for production at ECF

3   No. 129 is DENIED.  Plaintiff's motion to compel Dome's amended responses to special

4   interrogators at ECF No. 128 is DENIED.  Plaintiff's motion to compel PM Corporate Group's

5   amended responses to special interrogatories at ECF NO. 130 is DENIED.  Plaintiff's motion to

6   compel PM Corporate Group's amended responses to requests for production at ECF No. 131 is

7   DENIED.  Defendant DPP's motion to compel at ECF No. 144 is DENIED.

8          IT IS SO ORDERED.

9   DATED: January 11, 2024

10

ALLISON CLAIRE

11   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12