UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. R. DONNELLEY & SONS CO., | No. 2:21-cv-00753 DJC AC |
| Plaintiff, | |
| v. | ORDER |
| JOHN PAPPAS, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for Contempt based on a number of alleged violations of the Court's Preliminary Injunction Order. Plaintiff claims that Defendant Pappas deleted files from his computers and failed to provide storage devices and accounts in violation of that order.

For the reasons stated below, the Court grants in part and denies in part Plaintiff's motion (ECF No. 47)[1].

**BACKGROUND**

Plaintiff R. R. Donnelley & Sons Co. filed this action on April 26, 2021 (*see* ECF No. 1) seeking to prevent Defendant John Pappas III, a former employee of Plaintiff,

---

[1] Several documents filed related to this motion have been filed or lodged under seal. Where there is a redacted version available on the docket for this action, citations will be to that docket entry, though referenced information may be redacted in those versions.

1

from using Plaintiff's allegedly proprietary and confidential documents for his new employer, Defendant Dome Printing[2]. Shortly after filing the complaint, Plaintiff filed a motion seeking a Temporary Restraining Order. (ECF No. 4.) Two days later, Plaintiff and Defendant Pappas stipulated to a Preliminary Injunction instead. (ECF No. 10.) District Judge John A. Mendez subsequently signed that Preliminary Injunction on April 30, 2021 and it was added to the docket on May 3, 2021 (Prelim. Inj. Order (ECF No. 12).)

The Preliminary Injunction contained four main provisions. The first enjoined Defendant Pappas from "using, disclosing, exploiting, transmitting, copying, or accessing . . . any [of Plaintiff's] confidential, proprietary, and/or trade secret information" or "deleting or manipulating" any of that same information if Defendant Pappas had copied or taken it from Plaintiff. (Prelim. Inj. Order at 2.) The second compelled Defendant Pappas to make his "personal electronic data storage system(s) and/or personal computer(s)" available to a third-party forensic analyst (later determined to be Berkeley Research Group or "BRG") and to turn over to Plaintiff any "hard copy" records containing Plaintiff's confidential information. (*Id.* at 2–3.) The third compelled Defendant Pappas to "preserve all evidence, whether electronic or otherwise, related in any way to this matter." (*Id.* at 3-4.) Lastly, the order compelled Defendant Pappas to respond to a set of discovery requests. (*Id.* at 4.)

On April 6, 2022, Plaintiff filed a Motion for Contempt, claiming that Defendant Pappas violated the Preliminary Injunction by deleting "hundreds of responsive files" on May 4, 2021, deleting an additional 19 items on May 12, 2021, failing to produce six USB drives to BRG, and failing to produce his Dropbox account to BRG. (Pl.'s Mot. (ECF No. 47) at 18–19.) Plaintiff alleges the May 4, 2021 and May 12, 2021 deletions

---

[2] Due to some confusion about the names and relationships of multiple interconnect corporate entities, the original Complaint alleged that Defendant Pappas was hired by "Dome Printing", though this entity was not named as a defendant. (*See* ECF No. 1 at 2.) Subsequent amendments to the Complaint have clarified that Defendant Pappas was actually alleged to have been hired by "Mereliz Inc." who was doing business as "Dome Printing". (*See* ECF No. 31 at 2.)

violated the first and third provisions of the Preliminary Injunction and that failure to produce the USB drives and Dropbox account violated the third provision of the Preliminary Injunction. (*Id.*) Defendants Meriliz and Pappas opposed the motion (Def. Pappas' Opp'n (ECF No. 59)) and Plaintiff filed a reply (Pl.'s Reply (ECF No. 63)).

Shortly after the motion for contempt was filed, this matter was transferred from Judge Mendez to District Judge Kimberly J. Mueller as a result of Judge Mendez's senior status. (ECF No. 53.) The case was again reassigned a few months later to District Judge Dale A. Drozd. (ECF No. 74.) It was reassigned for a third time to the undersigned on April 6, 2023. (ECF No. 104.) Likely due to confusion caused by these reassignments, the present motion has remained unresolved despite being fully briefed on June 6, 2022.

The Court also notes that in response to a minute order inquiring with the parties about whether this motion remained pending, Plaintiff raised arguments about other alleged violations of a protective order. (See ECF No. 153.) These arguments are not before the Court in the complete briefing on the present Motion for Contempt and will not be addressed. Similarly, Defendant argued that the Court "may wish to rule on the contempt motion after considering Defendants' *Daubert* motion" regarding Dr. Shane Shook as "[Dr. Shook's] declaration underlies assertions in the Motion for Contempt." (See ECF No. 150.) The present motion was filed and fully briefed long before any *Daubert* motion was filed by Defendants and the Motion for Contempt can properly be considered without first ruling on the *Daubert* Motion as to Dr. Shook. Moreover, the validity of Dr. Shook's analysis is not relevant for determining whether Defendant Pappas violated the terms of the stipulated Preliminary Injunction.

**LEGAL STANDARD**

A district court has an inherent power to enforce its own orders and hold anyone who violates them in civil contempt. *Davies v. Grossmont Union High School Dist.*, 930 F.2d 1390, 1393 (9th Cir. 1991). A court can wield this power either to

coerce compliance with the order or "to compensate the complainant for losses sustained." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016). A party moving for contempt must show the non-moving party violated the Court's order by clear and convincing evidence. *Irwin v. Mascott*, 370 F.3d 924, 932 (9th Cir. 2004). There is no express "good faith" exception and the violation need not be willful or intentional "[b]ut a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'" *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993). "Substantial compliance" with a court order is also a defense against civil contempt as "a few technical violations" are not a violation where "every reasonable effort has been made to comply" with the court's order. *Id.* A party must have fair and well-defined notice of what conduct is required or prohibited by an injunction to be held in contempt of it. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006).

The Ninth Circuit has distilled the above rules down to a three prong test. To succeed on a motion to hold a party in civil contempt, the moving party must show by clear and convincing evidence that (1) the non-moving party violated the terms of the Court's order, (2) that the non-moving party's violations went beyond "technical violations" that would consistent with "substantial compliance", and (3) the non-moving party's violations were not based on good faith or reasonable interpretation of the court's order. *See United States v. DAS Corp.*, 18 F.4th 1032, 1040 (9th Cir. 2021).

**DISCUSSION**

**I.      May 4, 2021 Deletions**

Plaintiff has proved, by clear and convincing evidence, that Defendant Pappas violated the Preliminary Injunction by deleting files from his computer on May 4, 2021. According to the February 11, 2022 report and records of BRG, the independent third-party forensic analyst agreed to by both parties, on May 4, 2021, a day after the entry of the Preliminary Injunction Order, Defendant Pappas deleted 274 files that

4

contained one of the 4094 search query terms utilized by BRG.  (Feb. 11, 2022 BRG Report (Brown Decl. Ex. C) at 15; Feb. 11, 2022 Report Ex. 1 (Brown Decl. Ex. D (ECF No. 51-2));  Feb. 11, 2022 BRG Report Ex. 2 (Deleted) (Brown Decl. Ex. D) rows 189–462.)  Plaintiff contends these deletions are a violation of Preliminary Injunction as they constitute deletion of Plaintiff's confidential, proprietary, and/or trade secret information under the first provision and a failure to preserve evidence "in any way related to this matter" under the third provision.  (Pl.'s Mot. 18–19.)  Defendant Pappas admits that he did delete files on May 4, 2021 but argues that deletions were accidental and the result of Defendant Pappas "reflexively" deleting a "Recovered on Mac" folder that contained thousands of items previously moved to the trash by Defendant and that he has regularly deleted that folder when it appeared.  (Def. Pappas' Opp'n at 9-10.)  Defendant Pappas maintains this was "not a selective deletion process" and that there was no nefarious purpose behind the deletions.  (*Id*. at 10.)

      Defendant Pappas' deletions on May 4, 2021 clearly violated the first main provision of the Preliminary Injunction.  That provision expressly enjoined Defendant Pappas from deleting files that included "[RRD confidential, proprietary, and/or trade secret Information] or other data copied or taken from RRD that Pappas or his agents have uploaded and/or stored using any computer, USB device(s), external hard drive, and/or cloud-based storage account, or any other software or hardware application of any kind." (Prelim. Inj. Order at 2.)  Plaintiff has provided evidence, in the form of the BRG report and the accompanying records, that numerous potentially relevant files were deleted on May 4, 2021.  (*See* Feb. 11, 2022 BRG Report at 15; Feb. 11, 2022 BRG Report Ex. 2 (Deleted) rows 189–462.)  Defendant Pappas does not dispute that he deleted those files.  (Def. Pappas' Opp'n at 9–10.)

      In addition, Plaintiff provides a declaration from Craig Robertson, Plaintiff's President of Commercial and Digital Print, who identifies multiple documents containing "pricing information, customer and project specifications, and contact

information" for Plaintiff's customers that appear on the list of documents deleted on this date.³ (*See* Robertson Decl. (ECF No. 47-4) ¶ 16.) These include specific an invoice and a project quote for one customer (*see* Robertson Decl. ¶ 16.a; *see also* Feb. 11, 2022 BRG Report Ex. 2 (Deleted) rows 278, 191, 256), and invoices for at least four others (Robertson Decl. ¶¶ 16.b.iii, 16.c, 16.e, 16.f; Feb. 11, 2022 BRG Report Ex. 2 (Deleted) rows 217, 241, 379, 430). Robertson's Declaration also provides copies of several of these documents, a review of which shows that they appear to contain pricing information, customer and project specifications, and customer contact information, as indicated by Plaintiff. (*See* Robertson Decl. Ex. 1, Ex. 3, Ex. 6, & Ex. 10.) Moreover, while the Court appreciates that some of the search terms used by BRG, such as "( Dome OR 'Dome Printing' )" were overinclusive, a review of the deleted files and their relevant "search hit" shows that many of these files were relevant to this action. Plaintiff also does not dispute this point, though he does contend that there were "thousands of other non-RRD documents" deleted as well. (Def. Pappas' Opp'n at 9–10.) It is uncontested that some of the files deleted would clearly fall under the first provision of the Court's Preliminary Injunction Order and Plaintiff has presented evidence of this with the document previously noted. Plaintiff has thus established by clear and convincing evidence that Defendant Pappas violated the first provision of the Court's order, thus satisfying the first prong of a civil contempt request. *See DAS Corp.*, 18 F.4th at 1040.

    The above is also sufficient to show, by clear and convincing evidence, a violation of the third provision of that order which compelled Defendant Pappas to preserve "all evidence, whether electronic or otherwise, related in any way to this matter." (Prelim. Inj. Order at 3–4;) *see DAS Corp.*, 18 F.4th at 1040. This does not mean that every deletion on May 4, 2021 constituted a violation of the Court's order;

---

³ In Defendant Pappas' Opposition, Defendant asserts that Robertson's Declaration is only speculative lay interpretation of the report prepared by BRG. (*See* Def. Pappas' Opp'n at 17–18.) The Court does not consider Robertson's Declaration for any other purpose than the identification of Plaintiff's documents and the connected exhibits.

6

1  Plaintiff has not presented clear and convincing evidence to support such a finding.
2  But it is clear from the evidence presented that at least some of the files deleted would
3  fall within the scope of the first and third provisions of the order.
4        Plaintiff has also established that these violations go beyond "technical
5  violations." *See DAS Corp.*, 18 F.4th at 1040.  While it is notable that many of these
6  files were available to Plaintiff via the production of other devices or through their own
7  servers, the Preliminary Injunction Order is clear that a portion of BRG's analysis was
8  concerning the "copying, transport or use" of Plaintiff's confidential, proprietary, or
9  trade secret information. (Prelim. Inj. Order at 2–3.)  The intent of the Preliminary
10 Injunction was both to ensure Plaintiff's files were deleted from Defendant Pappas'
11 devices *and* to conduct a forensic analysis to determine whether those documents
12 have been accessed, copied, or moved.  This latter purpose is frustrated by Plaintiff's
13 deletion of these files, as their deletion meant BRG did not have access to the
14 metadata that would otherwise have been used to track "when a file or folder was
15 created, modified or opened. (*See* Feb. 11, 2022 BRG Report at 9.)  As such, the
16 evidence is clear and convincing that these deletions are more than a technical
17 violation of the Preliminary Injunction Order.
18       Defendant does argue that the deletion was inadvertent and the result of
19 Plaintiff's regular deletion of a "recycling bin" folder on his computer.  (Def. Pappas'
20 Mot. at 9–10.)  While the evidence from BRG arguably supports this claim as the file
21 paths for each of the files deleted on May 4 indicate they were in a "Deleted
22 Messages" or "Recovered Messages" folder, this only suggests that Defendant
23 Pappas' deletion of these files was not willful.  However, a party's actions need not be
24 willful to constitute a substantive violation of the Court's order.  *See In re Dual-Deck*
25 *Video Cassette Recorder Antitrust Litigation*, 10 F.3d at 695.  Defendant Pappas' file
26 deletions on May 4, 2021 appear to go beyond technical violations, thus satisfying the
27 second prong, regardless of Defendant Pappas' intent in deleting the files.  *See DAS*
28 ////

*Corp.*, 18 F.4th at 1040; *see also In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d at 695.

Plaintiff has also met their burden to show by clear and convincing evidence that Defendant Pappas' violation of the Court's order was not the result of a good faith or reasonable interpretation of the order. *See DAS Corp.*, 18 F.4th at 1040. Some portion of the files deleted fell clearly within the scope of both the first and third provisions of the court's order. While Plaintiff might again argue that these deletions were not willful, that does not establish that the violation was the result of a good faith or reasonable interpretation of the Court's order. *Id.* Accordingly, the Court grants Plaintiff's Motion for Contempt in part as to the May 4, 2021 deletions.

## II. May 12, 2021 Deletions

Plaintiff has not shown by clear and convincing evidence that Plaintiff's deletion of files on May 12, 2021 was a violation of the first provision of the Court's Preliminary Injunction Order. It is uncontested that on May 12, 2021, Defendant Pappas deleted another 19 documents that were responsive to the search query terms used by BRG. (Feb. 11, 2022 Report Ex. 2 (Deleted) rows 463–481; *see* Def. Pappas' Opp'n at 10.) Unlike the May 4 deletions, Plaintiff has not presented any evidence that the files in question contained Plaintiff's confidential, proprietary, or trade secret information. As such, Plaintiff has not met their burden to show that these deletions violated the first provision of the Court's order. *See DAS Corp.*, 18 F.4th at 1040.

Plaintiff has still established by clear and convincing evidence that the deletion of some of these files constituted a violation of the third provision, requiring that Defendant Pappas "preserve all evidence . . . related in any way to this matter." (Prelim. Inj. Order at 3–4.) While at least half of the documents deleted on May 12 were included in BRG's report as they returned a hit to the "( Dome or 'Dome Printing' )" search query, a search that would undoubtedly return numerous false positives of documents unrelated to this matter, nine of the documents deleted concern two clients common between Plaintiff and Defendant Dome (Feb. 11, 2022 Report Ex. 2

(Deleted) rows 473-481), at least one of whom was expressly mentioned in Plaintiff's original Complaint (Feb. 11, 2022 Report Ex. 2 (Deleted) rows 473-75, 481).  As such, these files would fall squarely within the third provision of the Preliminary Injunction Order as they were related to this matter via the shared clients and their deletion constitutes a violation of that order.  *See DAS Corp.*, 18 F.4th at 1040.

Plaintiff has also established by clear and convincing evidence that the deletion of these files is more than a technical violation of the order.  Notably, at least one of the files related to the common client mentioned above has not been made available to Plaintiff via other produced devices.  (Feb. 11, 2022 Report Ex. 2 (Deleted) rows 473; Def. Pappas' Opp'n at 11.)   Additionally, this deletion occurs in the context of the prior May 4, 2021 deletion.  While the permanent deletion of a single file, on its own, may have constituted only a technical violation of the court's order, it is not when viewed in the broader context of the numerous other deletions that occurred.  Coupled with the May 4 deletion and the fact that Plaintiff has now been denied access to potentially relevant information contained within at least one deleted document, Plaintiff has presented clear and convincing evidence that the May 12 deletion is also more than a technical violation of the court's order.  *See DAS Corp.*, 18 F.4th at 1040.

Finally, Plaintiff has met their burden to show by clear and convincing evidence that the May 12 deletion was not the result of a good faith or reasonable interpretation of the Court's order.  *See DAS Corp.*, 18 F.4th at 1040.  While the deletion of the files responsive to the "(Dome or 'Dome Printing' )" search term might have been the result of a good faith interpretation of the Preliminary Injunction Order, documents concerning common clients between Plaintiff and Dome, one of whom was expressly mentioned in the Complaint, are clearly within the scope of the third provision of the Court's order.  As stated above, whether Defendant Pappas' violation was willful is not relevant as this does not show that the deletion was the result of a good faith or reasonable interpretation of the Court's order.  *Id.*

The Court also grants in part Plaintiff's Motion for Contempt as to Defendant Pappas' May 12, 2021 deletions.

### III. USB Drives

Plaintiff has not shown by clear and convincing evidence that Defendant Pappas' violated the Court's order in failing to turn over six USB drives that were connected at some point to Defendant Pappas' computer. The Preliminary Injunction compels Defendant Pappas to "make all of [his] personal electronic data storage system(s) and or/personal computers(s), including . . . USB storage devices, . . . available to an independent third party forensic analysis . . . ." (Prelim. Inj. Order at 2.) While USB drives are expressly included in this portion of the order, Plaintiff has not established that these drives were Pappas' *personal* electronic data storage systems or that he in fact still had them in his possession or control. Plaintiff only states that the six USB drives in question were, at some point, connected to Defendant Pappas' computer and that "[a]t least three of the USB devices were used as recently as 2018 and were connected to Pappas' [computer] . . . ." (Pl.'s Mot. at 19.) That these USB drives were simply connected to Defendant Pappas' computer is insufficient to serve as clear and convincing evidence that Defendant Pappas violated the Court's order by failing to turn these devices over. Accordingly, Plaintiff's Motion for Contempt is denied in part as related to the USB Drives.

### IV. Dropbox Account

Plaintiff has shown by clear and convincing evidence that Defendant Pappas' violated the Court's order by failing to disclose and provide his Dropbox account to BRG. The second provision of the order compels Defendant Pappas to turn over "cloud-based storage systems" to BRG. (Prelim. Inj. Order at 2.) It is uncontested that a Dropbox account would be considered a cloud-based storage system. (Def. Pappas' Opp'n at 11–12.) The failure to provide Defendant Pappas' Dropbox account to BRG thus constitutes a violation of the Court's order. *See DAS Corp.*, 18 F.4th at 1040.

Plaintiff has also established by clear and convincing evidence that this failure was more than a technical violation of the Court's order. The order requires that numerous physical and digital forms of storage be turned over to BRG for analysis. (Prelim. Inj. Order at 2.) While it might be reasonable that Defendant Pappas could fail to remember every account or device he had used, in conducting their investigation BRG found an email sent from Defendant Pappas' Dropbox account less than a month prior to the issuance of the Preliminary Injunction Order. (Feb. 11, 2022 BRG Report at 14.) That email was a request *from* Defendant Pappas for material to be sent to that account, indicating Defendant Pappas' usage of the account was not as passive as Defendant suggests. (*Id.*) Moreover, at the time of the motion, it appears Defendant Pappas had still not provided this account. (Pl.'s Mot. at 19; *see* Def. Pappas' Opp'n at 20.) While Defendant Pappas stated in his opposition that he "has agreed to further deposition, and will turn over his Dropbox account . . ." (Def. Pappas' Opp'n at 20), the failure to promptly remedy the failure to provide the Dropbox account undercuts any argument that this was simply a technical violation of the Court's order.

Plaintiff has also shown by clear and convincing evidence that the failure to provide the Dropbox account was not the result of a good faith or reasonable interpretation of the Court's order. Defendant does not contest this point. Accordingly, the Court grants in part Plaintiff's Motion for Contempt for Defendant Pappas' failure to identify and provide the Dropbox account.

**V.     Remedies**

Having found that Plaintiff has established by clear and convincing evidence that Defendant Pappas violated the Court's order with the deletion of files on two occasions and the failure to provide BRG with access to Plaintiff's Dropbox account, the Court must now consider the appropriate sanction to impose. The Court is empowered to coerce compliance with a court order, compensate an injured party for actual losses caused, or punish a completed act of disobedience. *Ahearn ex rel.*

*N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994)). The first two sanctions are civil sanctions whereas the third is a criminal sanction. *Id.* While it is true that "[t]he Supreme Court recognized that the line between civil and criminal contempt is blurred where contempts involving out-of-court disobedience to complex injunctions are at issue[,]" *Ahearn ex rel. N.L.R.B.*, 721 F.3d at 1029 (citations and quotation marks removed), the injunction in question here is not particularly complex, only including four main provisions. As such, the line between civil contempt, where the Court is seeking to coerce compliance and compensate actual losses, and criminal contempt, where the Court is seeking to punish acts of disobedience, is quite clear.

Here, Defendant Pappas substantially violated the Court's order and the violations were not the result of good faith or reasonable interpretation of the Court's order. As such, civil sanctions are warranted to ensure continued compliance with the Court's orders and compensate Plaintiff for the violations of this order. However, while BRG's analysis shows that Defendant Pappas deleted a significant number of files, at least as to the May 4 deletion, Defendant Pappas' explanation that these deletions were not a willful violation of the order is also supported by the evidence. (*See* Feb. 11, 2022 BRG Report Ex. 2 (Deleted) rows 189–462.) Defendant Pappas' intent may not be relevant to the determination of whether he violated the Court's order but it does show that only civil sanctions compensating Plaintiff for actual loss and possible evidentiary sanctions are warranted.

Accordingly, the Court orders that Defendant Pappas pay Plaintiff the attorneys' fees and costs that Plaintiff incurred in bringing the present Motion for Contempt. The Court directs Plaintiff to submit a declaration of counsel which sets out the necessary and reasonable attorneys' fees and costs incurred in filing this Motion. Additionally, should this case reach trial the Court will impose evidentiary sanctions under Federal Rule of Civil Procedure 37 including the usage of an adverse inference instruction. If

there are other specific evidentiary sanctions that Plaintiff believes are warranted, Plaintiff shall file such a request in advance of the final pretrial conference. Given the current stage of the litigation, the Court concludes these remedies are sufficient to coerce compliance with court orders and to compensate Plaintiff for actual losses due to the violation of the Preliminary Injunction Order.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Contempt (ECF No. 47) is GRANTED IN PART and DENIED IN PART;
2. Within 14 days of this order, Plaintiff shall submit a declaration of counsel setting out the reasonable attorneys' fees and costs incurred in filing this Motion for Contempt; and
3. Within 7 days of the Plaintiff's counsel's declaration being filed, Defendant Pappas may file a response, if any, to that declaration, limited to 5 pages.

IT IS SO ORDERED.

Dated:   **April 12, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – rrd21cv00753.contempt