UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R. DONNELLEY & SONS COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PAPPAS, III, an individual, MERILIZ INC., dba DOME PRINTING, PM CORPORATE GROUP INC, DOME PRINTING AND PACKAGING, LLC and DOES 1-10, inclusive.,<br><br>Defendants. | No.  2:21-cv-00753 DJC AC<br><br><br>ORDER |

This matter is before the court on defendants' motion for sanctions, filed March 26, 2024 and set for hearing May 1, 2024.  ECF No. 173.  The matter was taken under submission and heard on the papers.  ECF No. 175.  For the reasons set forth below, the motion is denied.

### I.    Relevant Background & Motion

Defendants PM Corporate Group and Dome Printing and Packaging move the court, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), to impose sanctions in the amount of $29,785.00 upon plaintiff R.R. Donnelley & Sons on the grounds that plaintiff filed various motions to compel (specifically, ECF Nos. 128, 129, 130, and 131) that have been denied.  ECF No. 173 at 1-2.  The discovery motions at issue were denied on January 12, 2024.  ECF No. 152.

1

In that same order, a motion to compel brought by defendants (ECF Nos. 144) was also denied. Id. Discovery closed on January 12, 2024. ECF No. 127.

## II. Analysis

The timeliness of defendants' motion is a threshold matter, and the court finds the motion untimely. Federal Rule of Civil Procedure 37(a)(5)(B) states that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified *or other circumstances make an award of expenses unjust*." (emphasis added). "It is generally agreed that a motion for sanctions, regardless of the source of authority for the imposition of sanctions, must be timely filed." MGA Ent., Inc. v. Nat'l Prod. Ltd., No. CV 10-07083 JAK SSX, 2012 WL 4052023, at *4, 2012 U.S. Dist. LEXIS 131614 (C.D. Cal. Sept. 14, 2012). While the Federal Rules themselves do not establish "any express time limits within which a motion for sanctions must be filed, unreasonable delay may render such a motion untimely." Long v. Howard University, 561 F.Supp.2d 85, 91 (D.D.C. 2008) (citing Brandt v. Vulcan, Inc., 30 F.3d 752, 756 (7th Cir.1994)); see also Mercy v. County of Suffolk, New York, 748 F.2d 52, 56 (2d Cir.1984) ("[A] motion for Rule 37 sanctions should be promptly made, thereby allowing the judge to rule on the matter when it is still fresh in his mind.").

Here, the parties focus on whether the motion for sanctions was due as of the close of discovery, on January 12, 2024. ECF No. 203 at 2-3. While that argument is questionable in this case because the order giving rise to the motion was not issued until the day discovery closed, the court agrees that the motion is untimely under the circumstances because it was filed, without explanation, 45 days after the order denying the motions to compel was issued. If defendants believed they were entitled to fees based on that discovery order, they should have promptly tallied their hours and filed their motion; they offer no explanation for taking 45 days to make the filing. Delay in filing a motion for sanctions reaches the court's inherent powers may render the request untimely. See Clark v. United States, 2011 WL 66181 at *4, 2011 U.S. Dist. LEXIS 1871

(Hawai'i Jan.7, 2011).  Under the circumstances of this highly active case, the court finds the delay in filing the motion unreasonable and concludes that the motion is untimely and must be denied on that basis.

The court notes that even if the motion were timely, it would likely be denied on the merits.  Plaintiffs argue that their motions were warranted because of defendants' consistent misconduct throughout the discovery process.  ECF No. 200 at 11-21.  The court finds that a review of the record in this case reveals that the discovery conduct of both plaintiff and defendants falls below the desired standard of cooperation.  Defendants also neglect to acknowledge that the order denying plaintiff's motions to compel *also* denied an untimely discovery motion from defendants.  ECF No. 152 at 11.  The record reflects a lack of cooperation between the parties, and the circumstances of this case render a sanctions award in favor of defendants unjust.  The court thus declines to award any sanctions.

### III.   Conclusion

For the reasons explained above, the motion for sanctions at ECF No. 173 is DENIED.

IT IS SO ORDERED.

DATED: May 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3